IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JOHNNY COOPER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:16CV00128-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Johnny Cooper, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. Plaintiff is seeking benefits due to a combination of impairments. With the assistance of a vocational expert, the Administrative Law Judge (ALJ) concluded that Plaintiff could perform other jobs despite his impairments. (Tr. 14-23.) The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-8.)

This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

The only disputed issue in this case is whether Plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental impairment that has lasted twelve months or more and has prevented him from engaging in any substantial gainful

activity. 42 U.S.C. §§ 423 (d)(1)(A), 1382c(3)(A)-(B). After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was forty-one at the time of the administrative hearing. (Tr. 40.) He testified he went as far as the eighth grade in school. (Tr. 41.)

In support of his Complaint, Plaintiff argues the ALJ's credibility assessment was flawed. (Pl.'s Br. 13-18.) The ALJ stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 18.)

Based in part on her credibility determination, the ALJ concluded that Plaintiff retained the residual functional capacity to perform a reduced range of light work. (Tr. 17.) With the assistance of a vocational expert, she concluded Plaintiff had the residual functional capacity to perform the job of line operator. (Tr. 23, 62-67.)

The ALJ considered Plaintiff's subjective complaints in light of 20 C.F.R. §§ 404.1529 and 416.929. (Tr. 18.) That regulation tracks the seminal case on credibility assessments, *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;

   3. precipitating and aggravating factors;

   4. dosage, effectiveness and side effects of medication;

   5. functional restrictions.

   The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Second guessing an ALJ's credibility assessment is an agonizing task.  Plaintiff clearly suffers from pain and limitation and has undergone serious surgery in the past.  He has an excellent work history and provides compelling argument in support of his Complaint.  I am sympathetic to Mr. Cooper's claims and find this case to be a close call.  However, the objective medical records simply fail to support Plaintiff's claim of complete disability.

Plaintiff had a significant back impairment, but underwent a successful back surgery.  (Tr. 294, 295-300, 318-324, 333-340.)  The post-surgery MRI also shows his surgery was successful.  (Tr. 398.)  And while his treating doctor, Rebecca Barrett-Tuck, M.D., says "I certainly do support his application for Social Security disability," (Tr. 532) her treatment notes fail to support Mr. Cooper's allegation that he is unable to perform light work activities.  Dr. Barrett-Tuck recommended that Plaintiff "drop quite a lot of weight" and that he "walk on a daily basis, that he remains absolutely as active as possible, and that he do stretch and flexibility exercises." (*Id.*)  Dr. Barrett-Tuck's recommendations to Plaintiff fail to support Plaintiff's allegation of complete disability.  Additionally, she placed no significant restrictions upon Plaintiff.  The lack of any significant restrictions on Plaintiff's activities by his doctor is inconsistent with a claim of complete disability.  *See Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

And although Plaintiff disagrees, the ALJ could rightly rely on the opinions of Patricia

3

McCarron, M.D., and Steven Strode, M.D., who both reviewed the medical records and determined Plaintiff had the residual functional capacity to perform light work. (Tr. 84-87, 102-106.) The absence of an objective medical basis supporting the severity of subjective complaints is one factor to be considered in evaluating the credibility of testimony and complaints. *E.g., Herbert v. Heckler*, 783 F.2d 128, 130 (8th Cir. 1986).

As previously noted, Plaintiff is a young man. While he alleges these impairments render him wholly unable to perform work related activities, the medical reports he submitted fail to support his allegations. Thus, Plaintiff's alleged impairments can only be substantiated through his subjective complaints. Since the ALJ had the opportunity to hear the Plaintiff's testimony, it is only logical that the ALJ was in the best position to determine the veracity of Plaintiff's allegations. Thus, I find the ALJ's credibility analysis was proper. She made specific findings and explained her conclusions. *See Baker v. Secretary of Health and Human Services*, 955 F.2d 552, 555 (8th Cir. 1992). This Court should not disturb the decision of any ALJ who seriously considers, but for good reasons, explicitly discredits a claimant's subjective allegations. *See Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter*

4

*ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. I have also carefully considered Plaintiff's additional arguments and find them to be without merit.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 12th day of January, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE